UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL P. KIRBY,

    Plaintiff,

  v.

HOMAX PRODUCTS, INC.,

    Defendant.

Case No. C06-1153 RSL

ORDER DENYING MOTIONS TO AMEND CASE SCHEDULING ORDER AND TO STRIKE FACT WITNESSES

**I. INTRODUCTION**

This matter comes before the Court on plaintiff's "Motion to Amend Minute Order Setting Trial Date & Related Dates" (Dkt. #21) and defendant's "Motion to Strike Certain Fact Witnesses from Plaintiff's Supplemental Fed. R. Civ. P. 26(a)(1) Disclosures" (Dkt. #25). For different reasons, both parties believe that they have been prejudiced because of the disclosure of new information on the eve of the close of discovery. Each, however, seeks to rectify this problem in a different way. Plaintiff requests that the Court modify the case scheduling order, while defendant seeks to prohibit plaintiff from calling witnesses that it claims were disclosed in an untimely fashion. For the reasons discussed below, both motions are denied.

ORDER DENYING MOTIONS TO AMEND
CASE SCHEDULING ORDER AND TO
STRIKE FACT WITNESSES - 1

## II. FACTUAL BACKGROUND

On November 4, 2006, the Court issued a "Minute Order Setting Trial Date & Related Dates" establishing August 5, 2007 as the deadline for concluding discovery and amending pleadings (Dkt. #8). On July 23, 2007, plaintiff's counsel received the name and phone number of former HOMAX employee James Rowland. On July 24, 2007, plaintiff's counsel interviewed Mr. Rowland who stated that he had been terminated from HOMAX on June 28, 2007. Plaintiff alleges that Mr. Rowland was terminated in retaliation for having dinner with plaintiff on the evening of June 25, 2007. Within three days of learning this new information, plaintiff filed the current motion. If granted an extension in the discovery deadline, he would seek to depose Mike Dooley, Mr. Rowland's manager at the time he was terminated, Andrea Goss, the human resources representative who was at the meeting where Mr. Rowland was terminated, and also potentially Mr. Rowland. He also requests discovery through interrogatories and requests for production.

Defendant's motion relates to plaintiff's Rule 26(a)(1) disclosures. Though plaintiff initially indicated that five witnesses would likely have discoverable information regarding the case, he amended his disclosures on July 27, 2007, nine days before the close of discovery, to include nine additional witnesses. Defendant contends that the late nature of these disclosures rendered it incapable of conducting sufficient discovery prior to the close of discovery. It now seeks to strike these nine witnesses from plaintiff's Rule 26(a) disclosure.

## III. DISCUSSION

**A.     Plaintiff's Request To Amend the Case Scheduling Order**

Under Rule 16(b), a party must show good cause to extend a case scheduling order's deadline for completing discovery or for amending the pleadings. Id. Unlike Rule 15(a)'s more liberal standard that looks primarily to the bad faith of the moving party and the prejudice to the opposing party, "[t]his standard 'primarily considers the diligence of the party seeking the

amendment.'" Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294 (9th Cir. 2000) (quoting Johnson, 975 F.2d at 609).  While prejudice to the party opposing the modification might provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  Id. at 1295.  "A district court is vested with broad discretion to permit or deny discovery."  Laub v. United States Dept. of Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

The Court is not convinced that plaintiff acted with sufficient diligence in conducting the discovery he now seeks.  Though plaintiff's counsel states that he "received the name and phone number" of Mr. Rowland on July 23, 2007, he does not explain to the Court when and how he or his client first learned that Mr. Rowland had been fired.  Such information is relevant to determining whether plaintiff was diligent, because Mr. Rowland was terminated more than three weeks before he was first contacted by plaintiff's counsel and more than five weeks before the close of discovery.  Given that Mr. Rowland immediately suspected he was terminated in retaliation for his dinner with plaintiff and that Mr. Rowland appears to have a relationship with plaintiff, one would assume that Mr. Rowland would have notified plaintiff of his termination soon after the event.  Without an explanation of when and how plaintiff first became aware of Mr. Rowland's termination, the Court cannot conclude that plaintiff was diligent in pursuing discovery in accordance with the current case scheduling order.

Even if plaintiff had demonstrated that he was diligent in requesting relief, his motion would nevertheless fail.  Plaintiff alleges that defendant terminated him in violation of Title VII of the Civil Rights Act and Washington's Law Against Discrimination.  He now seeks a modification of the scheduling order to allow him more time to conduct discovery related to the termination of Mr. Rowland.  Plaintiff, however, has failed to articulate why this additional discovery is relevant to his cause of action.  As such, even if diligent, plaintiff has failed to demonstrate good cause to modify the scheduling order, impose additional discovery on defendant, and delay trial by up to three months.

ORDER DENYING MOTIONS TO AMEND
CASE SCHEDULING ORDER AND TO
STRIKE FACT WITNESSES - 3

Plaintiff cites a number of cases to support his argument that the circumstances around Mr. Rowland's termination are relevant to his race discrimination claims, but all of these cases involve evidence of an employer's treatment of other employees who were also members of plaintiff's protected class. For instance, in Burnside v. Simpson Paper Co., 66 Wn.App. 510, 521-22 (1992), the court allowed a plaintiff claiming age discrimination to introduce evidence that other employees were also terminated because of their age. Similarly, in Heyne v. Caruso, 69 F.3d 1475, 1479-80 (9th Cir. 1995), the Ninth Circuit found that the district court should have permitted a plaintiff claiming sexual harassment to introduce testimony of other female employees who were also allegedly sexually harassed. The court there explained why such evidence is relevant: "The sexual harassment of others, if shown to have occurred, is relevant and probative of Caruso's general attitude of disrespect toward his female employees, and his sexual objectification of them." Id. at 1480. Here, plaintiff alleges that he was terminated because he was African-American. Mr. Rowland, however, is Caucasian. Mr. Rowland's termination thus sheds no light on whether plaintiff's termination was racially motivated. While the facts surrounding Mr. Rowland's termination may or may not be relevant to a claim made on behalf of Mr. Rowland, they are not relevant to the claims at issue in this case. As such, plaintiff has not established good cause to amend the scheduling order and his motion is denied.

**B.     Defendant's Motion to Strike Witnesses from Plaintiff's Rule 26(a)(1) Disclosures**

Federal Rule of Civil Procedure 26(e)(1) requires a party "to supplement at appropriate intervals its disclosures under subdivision (a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the addition or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Though defendant fashions its motion as a "motion to strike," it appears that defendant is actually seeking to bar plaintiff from using such witnesses at trial under Federal Rule of Civil Procedure 37(c)(1), which provides:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Though the Court agrees that Rule 26(e)(1) requires the plaintiff to supplement its initial disclosures "at appropriate intervals," defendant has not established that plaintiff's supplemental disclosure in this case, made nine days before the close of discovery and well in advance of trial, was untimely. Indeed, the only evidence contained in defendant's motion indicating that the disclosures should have been provided sooner is defendant's assertion that the newly disclosed witnesses' "knowledge regarding Plaintiff's employment should have been known to Plaintiff long before July 27, 2007." Defendant's Memorandum at p. 3. Defendant offers no factual basis for this assertion, nor does it provide the Court with the context necessary to evaluate its accuracy. In his response, plaintiff contends that he disclosed the nine additional witnesses to defendant "within a short time of discovering their relevance" to the case. Plaintiff's Response at p. 2. Defendant filed no reply. Without more, the Court cannot conclude that plaintiff's supplemental disclosure was untimely. Defendant's motion is also denied.

## IV. CONCLUSION

For all the foregoing reasons, plaintiff's "Motion to Amend Minute Order Setting Trial Date & Related Dates" (Dkt. #21) and defendant's "Motion to Strike Certain Fact Witnesses from Plaintiff's Supplemental Fed. R. Civ. P. 26(a)(1) Disclosures" (Dkt. #25) are both DENIED.

DATED this 7th day of September, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge